FILED

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

12 MAY 25  AM 10: 49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

Attorney for Plaintiff Nevrik Berberyan

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NEVRIK BERBERYAN, an individual,

**Plaintiff,**

vs.

BANK OF AMERICA N.A. A National
Associations
BARCLAYS BANK DELAWARE, A
Delaware Corporation
CAPITAL ONE BANK USA N.A. A National
Association
GE MONEY BANK a/k/a GE CAPITAL
FINANCIAL, INC A Utah Corporation
HSBC BANK USA N.A. A National
Association
MACYS CORPORATE SERVICES, INC, A
Delaware Corporation
PNC BANK N.A. A National Association
TD BANK N.A. A National Association
DEPARTMENT STORES NATIONAL
BANK, A South Dakota Corporation
WELLS FARGO BANK N.A. A National
Associations

**Defendants.**

CASE No.: CV12 - 04431 PSG (MRW)

**VERIFIED COMPLAINT FOR
DAMAGES FOR:**

1) VIOLATIONS OF FEDERAL FAIR
   CREDIT REPORTING ACT;
2) VIOLATIONS OF CALIFORNIA'S
   CONSUMER CREDIT REPORTING
   AGENCIES ACT;

**DEMAND FOR JURY TRIAL**



LODGED
CLERK, U.S. DISTRICT COURT

MAY 22 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

      NOW COMES Plaintiff Nevrik Berberyan (hereinafter "Plaintiff") through her

attorney on record Arshak Bartoumian and brings this Complaint against BANK OF AMERICA

N.A. (hereinafter "BANA"), BARCLAYS BANK DELAWARE (hereinafter "BARCLAYS"),

CAPITAL ONE BANK USA N.A. (hereinafter "CAPITAL"), GE MONEY BANK a/k/a GE

CAPITAL FINANCIAL, INC (hereinafter "GE"), HSBC BANK USA N.A. (hereinafter "HSBC"), MACYS CORPORATE SERVICES, INC (hereinafter "MACYS"), PNC BNAK N.A. (hereinafter "PNC"), TD BANK N.A.. (hereinafter "TD"), DEPARTMENT STORES NATIONAL BANK (hereinafter "DSNB") and WELLS FARGO BANK N.A. (hereinafter "WELLS"), collectively referred to as DEFENDANTS for violations of Federal and State consumer protection laws, specifically the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and alleges as follows:

## PRELIMINARY STATEMENT

1.     Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2.     FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

3.     FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their

duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

4.    CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

5.    CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

6.    *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I. JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

8.   Supplemental jurisdiction rests upon 28 U.S.C. §1367.

9.   Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF REMEDY

10.   15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

11.   *Gorman v. MBNA America Bank, N.A., No. 06-17226* further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b).  Defendant's furnisher's liability under this section is triggered since Plaintiff made ${HIS_HER} initial disputes with the Credit Reporting Agencies.

12.   California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

13.   California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## III. THE PARTIES

14.   Plaintiff BERBERYAN is a natural person, an individual residing in Los Angeles County, State of California.

15.   Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil

Code §1785.3(b).

16.     Defendant "BANA" is a National Banking Association.

17.     Defendant "BARCLAYS" is a Delaware Corporation.

18.     Defendant "GE" is a Utah Corporation.

19.     Defendant "HSBC" is a National Association.

20.     Defendant "PNC" is a National Association.

21.     Defendant "MACYS" is a Delaware Corporation.

22.     Defendant "TD" is a National Association.

23.     Defendant "DSNB" is a South Dakota Corporation.

24.     Defendant "WELLS" is a National Banking Association.

25.     Defendants regularly conduct business in the State of California.

26.     Defendants are "furnishers of information," as referenced in 15 U.S.C. §1681s-2.

27.     Defendants are persons as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

28. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

   a.   Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;

   b.   Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

   c.   Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

   d.   Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

   e.   Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f.   Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

29. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by named Defendants were expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

30.    Plaintiff who is not a minor alleges that the following events and actions taken by Defendants occurred within the past one year.

31.    In or around December 01, 2011 Plaintiff conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Transunion, (collectively "CRAs") and discovered an inaccuracy in her credit files with respect to the accounts 48889019968... reported by "BANA" , 54663899503...reported by "BARCLAYS", 504662015614... reported by "GE", 704511010013..., 54160111230... and 2866110214... reported by "HSBC", 440542009... and 440542009... reported by "MACYS", 483950255780... reported by "TD", 431247776265... reported by "WELLS" , (collectively referred to as "ACCOUNTS") which Plaintiff did not recognize.

On or about December 01, 2011 Plaintiff contacted the CRAs with dispute of the unknown accounts reported by Defendants, per FCRA [15 U.S.C. §1681s-2(b)].

32.    On or about December 13, 2011 after CRAs verified the accounts to be accurate and belonging to her, Plaintiff sent written disputes of the accounts to Defendants directly, requesting verification of ownership and accuracy as reported with the CRAs.

33.    Defendants failed to properly investigate the accounts and provide adequate

response to Plaintiff's disputes. In the interim, upon receipt of Plaintiff's disputes and during the verifications period, Defendants continued to report the disputed accounts to the CRAs, without notice of Plaintiff's disputes.

34.     Although Defendants failed to properly respond to Plaintiff's disputes with the requested verifications, within days of Plaintiff's credit bureau disputes, the CRAs claimed to have received verification of accuracy from Defendants concerning the disputed accounts.

35.     On or about February 24, 2012 Plaintiff sent follow up requests to Defendants addressing their lack of proper responses and verifications to Plaintiff or alternatively, the deletion of the unverified accounts from Plaintiff's credit files.

36.     Defendants again failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in disputes and failed to take corrective actions.

37.     On or about March 15, 2012 Plaintiff sent Defendants notices of their violations with respect to the reporting of the unverified accounts. Plaintiff's communication was sent in an effort to get Defendants' cooperation and resolve the situation amicably.

38.     To date, after multiple correspondences, Defendants still continues to maintain the unverified accounts information on Plaintiff's credit records.

39.     As a result of Defendants' conducts, Plaintiff has suffered:

    a.   Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

    b.   Out of pocket expenses associated with communicating with Defendant, disputing the credit information, as well as consultation fees paid to attorneys and other professionals to obtain information and advice about consumer rights and furnisher obligations in credit reporting;

    c.   Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

    d.   Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## COUNT I
## Violations of FCRA

40.     Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

41.     Defendants knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following act performed:

      a.     Failing to provide accurate information to the CRAs, per 15 U.S.C. §1681s-2 (a);

      b.     Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing a negative credit item to the CRAs, per 15 U.S.C. §1681s-2 (a)(7)(A);

      c.     Failing to honor their obligations to investigate a dispute concerning the accuracy of information contained in consumer report, upon the consumers express request, per 15 U.S.C. §1681s-2 (a)(8)(A).

      d.     Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's disputes, as described in 15 U.S.C. §1681s-2 (a)(8)(E) and 15 U.S.C. §1681s-2 (b);

      e.     Failing to cease credit reporting on a disputed accounts upon receipt of consumer disputes and during the investigation periods and failing to provide notices of Plaintiff's disputes to CRAs along with their reporting of the accounts in disputes, per 15 U.S.C. §1681s-2 (a)(3);

      f.     Failing to delete or permanently block the reporting of the items of information (the accounts) disputed by Plaintiff, which were not and/or could not be verified after the reinvestigations, per 15 U.S.C. §1681s-2 (b)(1)(E);

      g.     Failing to take proper actions of verification, corrections, deletions, or permanent blocks of the information disputed by Plaintiff by the deadlines, as

described in 15 U.S.C. §1681s-2 (b)(2).

## COUNT II
### Violations of CCRAA

42.    Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

43.    Defendants knowingly and willfully violated CCRAA. Defendants' violations include, but are not limited to the following act performed:

    a.    Submitting negative credit information, as that described in California Civil Code §1785.26(a)(2), to Plaintiff's credit report with the CRAs, without notifying the Plaintiff, per California Civil Code §1785.26(b);

    b.    Failing to conduct proper investigation and review of all relevant information with respect to Plaintiff's disputes, per California Civil Code §1785.25(f);

    c.    Continuing to report the disputed information to the CRAs, upon receipt of Plaintiff's disputes and during the investigations period, without notices that the accounts have been disputed by Plaintiff, per California Civil Code §1785.25(c);

### V. PRAYER FOR RELIEF

44.    Plaintiff contends that the Defendants' actions constituted willful violations of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

45.    WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendants for:

    a)    Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

    b)    Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

    c)    Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n (c)

and/or Code of Civil Procedure §490.020;

d)   Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

e)   Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to delete the reporting of the unverified accounts;

f)   Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

g)   Any other relief as this Honorable Court deems appropriate.

DATED: April 2, 2012              Respectfully submitted,

By: _____

Arshak Bartoumian, attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, Nevrik Berberyan, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, Nevrik Berberyan hereby declare (or certify, verify or state) under penalty that the foregoing is true and correct.

Date: April 2, 2012

_____

Nevrik Berberyan, Plaintiff

I, Nevrik Berberyan have suffered from the following due to, or made worse by, the actions of the Defendants' credit reporting and debt collection activities:

1. Sleeplessness     (YES)   NO
2. Fear of answering the telephone     (YES)   NO
3. Nervousness     (YES)   NO
4. Fear of answering the door     (YES)   NO
5. Embarrassment when speaking with family or friends     (YES)   NO
6. Depressions (sad, anxious, or "empty" moods)     (YES)   NO
7. Chest pains     YES   (NO)
8. Feelings of hopelessness, pessimism     (YES)   NO
9. Feelings of guilt, worthlessness, helplessness     (YES)   NO
10. Appetite and/or weight loss or overeating and weight gain     (YES)   NO
11. Thoughts of death, suicide or suicide attempts     YES   (NO)
12. Restlessness or irritability     (YES)   NO
13. Headache, nausea, chronic pain or fatigue     (YES)   NO
14. Negative impact on my job     (YES)   NO
15. Negative impact on my relationships     (YES)   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

_____
_____
_____
_____
_____

      Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: April 02, 2012

_____
Signed Name

Nevrik Berberyan
_____
Printed Name

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC    TEL. 818-532-9339
124 W STOCKER ST STE B GLENDALE CA 91202

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRIK BERBERYAN, an individual | CASE NUMBER |
| PLAINTIFF(S) | CV12- 04431 PSG(MRW) |
| v. | |
| BANK OF AMERICA N.A., A National Associations (See attached for Additional Defendants) | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): BANK OF AMERICA N.A.
        (See attached for Additional Defendants)

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, ARSHAK BARTOUMIAN_____, whose address is 124 W STOCKER ST STE B, GLENDALE, CA 91202_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: MAY 2 5 2012

Clerk, U.S. District Court

By: _____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1    ARSHAK BARTOUMIAN (SBN 210370)
     OMNIA LEGAL, INC
2    124 W STOCKER ST STE B
     GLENDALE, CA 91202
3    TEL. 818-532-9339
     EMAIL: DISPUTES@OMNIALEGAL.ORG

4    Attorney for Plaintiff Nevrik Berberyan

5

6             **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
7

8

9    NEVRIK BERBERYAN, an individual,

10           **Plaintiff,**

11          vs.
   BANK OF AMERICA N.A. A National
12    Associations
   BARCLAYS BANK DELAWARE, A
13    Delaware Corporation
   CAPITAL ONE BANK USA N.A. A National
14    Association
   GE MONEY BANK a/k/a GE CAPITAL
15    FINANCIAL, INC A Utah Corporation
16    HSBC BANK USA N.A. A National
   Association
17    MACYS CORPORATE SERVICES,  INC, A
18    Delaware Corporation
   PNC BANK N.A. A National Association
19    TD BANK N.A. A National Association
   DEPARTMENT STORES NATIONAL
20    BANK, A South Dakota Corporation
   WELLS FARGO BANK N.A. A National
21    Associations
22

23          **Defendants.**

CASE No.:

**VERIFIED COMPLAINT FOR DAMAGES FOR:**

   1) VIOLATIONS OF FEDERAL FAIR
      CREDIT REPORTING ACT;
   2) VIOLATIONS OF CALIFORNIA'S
      CONSUMER CREDIT REPORTING
      AGENCIES ACT;

**DEMAND FOR JURY TRIAL**

24

25

26       NOW COMES Plaintiff Nevrik Berberyan (hereinafter "Plaintiff") through her

27 attorney on record Arshak Bartoumian and brings this Complaint against BANK OF AMERICA

N.A. (hereinafter "BANA"), BARCLAYS BANK DELAWARE (hereinafter "BARCLAYS"),

28 CAPITAL ONE BANK USA N.A. (hereinafter "CAPITAL"), GE MONEY BANK a/k/a GE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 4431 PSG (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NEVRIK BERBERYAN | BANK OF AMERICA N.A., A National Associations (See attached for Additional Defendants) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ARSHAK BARTOUMIAN (SBN 210370): TEL. 818-532-9339<br>OMNIA LEGAL, INC<br>124 W STOCKER ST STE B, GLENDALE, CA 91202 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT: $** Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 15 U.S.C. Section 1681, 15 U.S.C. Section 1692, Cal Civ. Code Section 1788, Cal. Civ. Code Section 1785

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-04431

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐     Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐     Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  APRIL 02, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |