UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#97 (01/28 HRG OFF)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4431 PSG (MRWx) | Date | January 23, 2013 |
|---|---|---|---|
| Title | *Nevrik Berberyan v. Bank of America, N.A., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Reported | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s):
Not Present | Not Present

**Proceedings:**   **(In Chambers): Order DENYING HSBC Bank, U.S.A.'s motion for attorneys' fees**

Before the Court is Defendant HSBC Bank, U.S.A.'s ("HSBC") motion for an award of attorneys' fees.  *See* Dkt. # 97.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the arguments in the moving and opposing papers, the Court DENIES HSBC's motion.

I.      Background & Procedural History

On May 25, 2012, Plaintiff Nevrik Berberyan ("Plaintiff") filed a complaint against HSBC and several other Defendants, alleging various violations of the Fair Credit Reporting Act ("FCRA") and California's Consumer Credit Reporting Agencies' Act ("CCRAA") relating to Plaintiff's credit reports.  *See* Dkt. # 1.  At the time of filing, Plaintiff was represented by Arshak Bartoumian ("Bartoumian"), an attorney who has filed several similar cases in this district.  Plaintiff served most of the Defendants in August, but otherwise failed to make any filings in the case between the original lodging of the complaint and October 15, 2012, when Plaintiff filed a motion for leave to file an amended complaint.  *See* Dkts. # 7-16 (proofs of service), 51 (motion for leave to file an amended complaint).  Plaintiff's motion for leave to amend was stricken because it was noticed for a closed hearing date.

Before Plaintiff filed the motion for leave to amend, several defendants, including HSBC, filed motions to dismiss.  *See* Dkts. # 18-19, 22, 30, 31, 32, 37-38.  All of the motions to dismiss were unopposed and, therefore, the Court granted the motions, including the motion brought by HSBC.  *See* Dkts. # 58-62.  Because the motion for leave to amend was stricken for failure to comply with local rules, it was not considered an opposition to the pending motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#97 (01/28 HRG OFF)

CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4431 PSG (MRWx) | Date | January 23, 2013 |
|---|---|---|---|
| Title | *Nevrik Berberyan v. Bank of America, N.A., et al.* | | |

Subsequently, on November 15, 2012, Plaintiff filed a request to substitute a new attorney in place of Bartoumian, which the Court granted. Dkts. # 80, 87.

On November 29, 2012, HSBC filed the present motion for attorneys' fees in the amount of $3,750. Dkt. # 97. Plaintiff, under the representation of the new attorney, opposed HSBC's motion. For the reasons discussed below, DENIES HSBC's motion for an award of attorneys' fees against Plaintiff.[1]

II.     Discussion

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *See, e.g.*, *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979). HSBC seeks attorneys' fees pursuant to two statutory schemes: the attorneys' fees provision of the FCRA, 15 U.S.C. § 1681n(c), and the attorneys' fees provision of the CCRAA, California Civil Code § 1785.31(e). *Mot.* 1:12-13.

   A.    Attorneys' Fees Under the FCRA

The FCRA provides the following in regard to attorneys' fees:

> "Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper."

15 U.S.C. § 1681n(c); *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 706 (9th Cir. 2010). An award of attorneys' fees pursuant to § 1681n(c) must be based on a finding that the pleading, motion, or other paper at issue was filed in bad faith. *Bagumyan v. Valero Energy Corp.*, No. CV 07-312 ABC, 2007 WL 1500849, at *2 (C.D. Cal. Apr. 25, 2007); *see also Rogers v. Johnson-Normal*, 514 F. Supp. 2d 50, 52 (D.D.C 2007).

---

[1] HSBC also requests costs pursuant to Federal Rule of Civil Procedure 54. *Mot.* 1:12. However, HSBC does not tell the Court the amount it requests in costs nor does it provide documentation of the costs incurred. Accordingly, the Court declines to award costs to HSBC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#97 (01/28 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4431 PSG (MRWx) | Date | January 23, 2013 |
|---|---|---|---|
| Title | *Nevrik Berberyan v. Bank of America, N.A., et al.* | | |

As a threshold matter, § 1861n(c) imposes attorneys' fees on the plaintiff herself, not on the plaintiff's counsel. *See Smith v. HM Wallace, Inc.*, No. 08-22372-CIV, 2009 WL 3179539, at *2 (S.D. Fla. Oct. 1, 2009); *Lewis*, 2006 WL 2861059, at *4. Accordingly, the Court considers only whether HSBC is entitled to recover attorneys' fees against Plaintiff herself based on Plaintiff's bad faith in filing the lawsuit.

In the contexts of attorneys' fees, bad faith may be established based on a showing that the plaintiff's action was unfounded from the outset, frivolous, or brought for the purpose of harassment. *See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *see also Lewis v. Trans Union LLC*, No. 04-6550, 2006 WL 2861059, at *4 (N.D. Ill. Sept. 29, 2006) (awarding attorneys' fees pursuant to § 1681n(c) based on a showing that the plaintiff "knew of the falsity and baselessness of the allegations in the complaint when it was filed"); *Mayle v. Equifax Info. Servs.*, *Inc.*, No. 03-8746, 2006 WL 398076, at *2 (N.D. Ill. Feb. 14, 2006) (awarding attorneys' fees pursuant to § 1681n(c) when the plaintiff and her attorneys had documentation that the FCRA action was frivolous when the action was filed). Courts addressing attorneys' fees awards pursuant to § 1681n(c) have consistently concluded that fees may be awarded under this provision only when a pleading or other document was filed in bad faith, and may not be based on misconduct during the pendency of the action, such as the use of delay tactics or failure to communicate with opposing counsel. *See Bagumyan*, 2007 WL 1500849, at *2 (declining to award attorneys' fees under § 1681n(c) because the defendants had argued only that the plaintiffs had engaged in bad faith in the maintenance of the lawsuit, not in the filing of the action); *see also Roybal v. Trans Union*, No. 05-cv-1207-MCE-KJM, 2009 WL 394290, at *1 (E.D. Cal. Feb. 17, 2009) (declining to award attorneys' fees after finding that there was "no evidence that [the] action *was brought* in bad faith or for purposes of harassment") (emphasis added)); *Rogers*, 514 F. Supp. 2d at 52 (noting that § 1681n(c) "requires a showing that a document was *filed* in bad faith" (internal quotation marks omitted)); *Ryan v. Trans Union Corp.*, No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill. 2001) (denying attorneys' fees under § 1681n(c) because the defendants had failed to establish that the plaintiff actually realized his core allegations were untrue when he filed his complaint).

HSBC argues that Plaintiff's bad faith is evident from the following: Plaintiff's Complaint fails to differentiate between Defendants and fails to allege the specific facts upon which the action is based, *Mot.* 1:15-20; the Complaint was based on statutes that either do not confer a private right of action or are preempted by federal law, *Mot.* 1:20-26; Plaintiff's counsel, Bartoumian, failed to respond to calls from HSBC's counsel regarding the case or to engage in any meaningful meet and confer process, *Mot.* 1:27-2:3; Plaintiff's failure to oppose the motions to dismiss filed by HSBC and other Defendants, *Mot.* 2:4-6; and the fact that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#97 (01/28 HRG OFF)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4431 PSG (MRWx) | Date | January 23, 2013 |
|---|---|---|---|
| Title | *Nevrik Berberyan v. Bank of America, N.A., et al.* | | |

Bartoumian has filed a series of substantially similar complaints in other actions and been sanctioned in some of those cases, *Mot.* 2:7-21.

The Court concludes that none of this purported misconduct demonstrates bad faith on the part of Plaintiff such that attorneys' fees may be awarded against her specifically. First, much of the alleged misconduct relates to Bartoumian only, such as his failure to communicate with Plaintiff's counsel and his conduct in regard to similar actions. Though plaintiffs are in general charged with their counsel's negligent acts, *see Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), Bartoumian's conduct here does not show subjective bad faith on the part of Plaintiff because it does not establish that Plaintiff actually knew that the action was unfounded or frivolous at the time it was filed. *See Ryan*, 2001 WL 185182, at *5; *cf. Lewis*, 2006 WL 2861059, at *4; *Mayle*, 2006 WL 398076, at *2. The purported inadequacies in Plaintiff's complaint are also not an adequate basis on which to find that Plaintiff herself filed the claim in bad faith. *See Christiansburg*, 434 U.S. at 421 (emphasizing the high standard for a finding of bad faith and noting that courts should exercise discretion in making awards of attorneys' fees).

Further, several of HSBC's arguments regarding bad faith are irrelevant to a motion under § 1861n(c) because they do not relate to whether the action was filed in bad faith, but rather relate to conduct during the pendency of the action. Specifically, HSBC's arguments regarding Bartoumian's failure to communicate with opposing counsel and failure to oppose Defendants' motions do not relate to the filing of the complaint or other document, so they may not support a finding of bad faith that would warrant attorneys' fees under § 1681n(c). *See Bagumyan*, 2007 WL 1500849, at *2; *Rogers*, 514 F. Supp. 2d at 52; *Ryan*, 2001 WL 185182, at *5. Accordingly, the Court concludes that HSBC has not made a showing that would permit an award of attorneys' fees against Plaintiff pursuant to § 1681n(c).

B.  Attorneys' Fees Under the CCRAA

The CCRAA provides the following in regard to attorneys' fees:

> "If a plaintiff brings an action pursuant to this section against a debt collector, and the basis for the action is related to the collection of a debt, whether issues relating to the debt collection are raised in the same or another proceeding, the debt collector shall be entitled to recover reasonable attorney's fees upon a finding by the court that the action was not brought in good faith."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#97 (01/28 HRG OFF)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4431 PSG (MRWx) | Date | January 23, 2013 |
|---|---|---|---|
| Title | *Nevrik Berberyan v. Bank of America, N.A., et al.* | | |

Cal. Civ. Code § 1785.31(e). Accordingly, an award of attorneys' fees under the CCRAA requires a showing that the action was brought in bad faith. *See Sanai v. Saltz*, 170 Cal. App. 4th 746, 756, 88 Cal. Rptr. 3d 673 (2009). For the reasons discussed above with regard to attorneys' fees under the FCRA, the Court is not persuaded that Plaintiff's claim *was brought* in bad faith: mere inartful pleading and failure to state a claim does not demonstrate that an action was brought in bad faith. *Christiansburg*, 434 U.S. at 421. Courts awarding attorneys' fees based on a finding of bad faith in the filing of actions related to debt collection practices have required a higher showing than this. *See Banga v. Chevron U.S.A., Inc.*, No. C-11-1498 JCS, 2013 WL 71772, at *16 (N.D. Cal. Jan. 7, 2013) (declining to award attorneys' fees in a FCRA action relating to a credit report because the court was not persuaded that the plaintiff knew her claim was baseless when it was filed and so the defendants had failed to demonstrate bad faith); *Lewis*, 2006 WL 2861059, at *4; *Mayle*, 2006 WL 398076, at *2. Further, the other allegations regarding bad faith all relate to conduct that occurred after the action was filed, and so cannot support a finding that the action was brought in bad faith. Accordingly, the Court concludes that HSBC has not made a showing that would permit an award of attorneys' fees pursuant to § 1785.31(e).

III.     Conclusion

For the foregoing reasons, the Court DENIES HSBC's motion for an award of attorneys' fees.

**IT IS SO ORDERED.**